Curia, per O’Neall, J.
In this case we think the decree ought to have been for the defendant.
The proof in Oeland’s case (which was to be used in this), very clearly showed that the money transactions were generally managed by the wife. In this case the money was borrowed from the plaintiff, but the proof justifies us in concluding it was money arising from the industry of the wife. It is true the note was given to the plaintiff, but when the ^defendant went to settle, the wife had it in her possession.
The defendant left the room, as if to afford opportunity for the settlement with his wife. She discounted out of the thirty-five dollars' a debt of the plaintiff for sixteen or seven *313 teen dollars, and then received the balance on the defendant’s note, which she gave np to him.
Taking these facts together, we conclude that the wife made the settlement by the authority of the plaintiff; and in this conclusion the Circuit Judge concurs.
It is, therefore, ordered that the decree for the plaintiff be set aside, and that a decree be entered for the defendant.
Wardlaw, Withers, Whitner, Glover, and Munro, JJ., concurred.

Motion granted.